UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L'MARC TURNER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>Defendant. | Case No. 21-cv-02454-DMR<br><br>**ORDER DISMISSING PLAINTIFFS' BREACH OF EXPRESS WARRANTY AND BREACH OF IMPLIED WARRANTY CLAIMS**<br><br>Re: Dkt. No. 45 |

Defendant Sony Interactive Entertainment LLC ("Sony") filed a motion to dismiss and to strike portions of Plaintiffs' first amended complaint ("FAC"). [Docket No. 45.] The court held a hearing on the motions on October 28, 2021 and issued rulings from the bench on each of Plaintiffs' claims except claims four and five for breach of express warranty and breach of the implied warranty of merchantability. [Docket No. 62 (Minute Order memorializing rulings).] The court now issues this order regarding those two claims.

## I.  BREACH OF EXPRESS WARRANTY

Plaintiffs' fourth claim is for breach of express warranty under California law. The FAC does not identify any statutory basis for the breach of express warranty claim, but Plaintiffs appear to bring the claim under California Commercial Code section 2313, which provides that express warranties by a seller are created as follows:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

1  Cal. Com. Code § 2313(1)(a), (b).

2  In order to establish a breach of express warranty claim, a plaintiff must prove: "(1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached." *Weinstat v. Dentsply Internat., Inc.*, 180 Cal. App. 4th 1213, 1227 (2010) (quotation marks and citation omitted). In order to constitute an express warranty, a statement must be "specific and unequivocal." *Maneely v. Gen. Motors Corp.*, 108 F.3d 1176, 1181 (9th Cir. 1997). A plaintiff must allege "the exact terms of the warranty" by "provid[ing] specifics about what the warranty statement was, and how and when it was breached." *T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 875 (N.D. Cal. 2015) (quotation marks and citation omitted).

The basis for Plaintiffs' breach of express warranty claim is unclear. The FAC alleges that Sony "expressly warranted that the PS5 and DualSense Controllers were of high quality and, at a minimum, would actually work properly and be suitable for gameplay," and "expressly warranted that it would repair and/or replace material defects in material and/or workmanship free of charge that occurred during the applicable warranty periods." FAC ¶¶ 161, 162. According to Plaintiffs, Sony breached its warranties as follows:

> Sony breached its warranties by selling to Plaintiffs and Class members DualSense Controllers with a known defect, and which are not of high quality, and are predisposed to fail prematurely and/or fail to function properly. Sony also breached its warranty by not correcting the Defect and failing to provide an adequate repair when contacted by Plaintiffs and Class members following manifestation of the Defect.

*Id*. at ¶ 163. These allegations are insufficient because the FAC does not identify "the exact terms of the warranty" that Sony allegedly breached and "specifics about . . . how and when it was breached." *See T & M Solar*, 83 F. Supp. 3d at 875.

When asked to clarify the basis for the express warranty claim at the hearing, Plaintiffs' counsel did not rely on the allegations in the FAC. Instead, counsel asserted that the claim is based on a statement in the PlayStation 5 warranty that the product "will be free from material

2

defects in material and workmanship."[1] As this statement is not actually quoted or described in the FAC, the court cannot consider it in determining whether Plaintiffs have stated a breach of express warranty claim. *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("[t]he focus of any Rule 12(b)(6) dismissal—both in the trial court and on appeal—is the complaint."). Accordingly, Plaintiffs' breach of express warranty claim is dismissed with leave to amend.

## II. BREACH OF IMPLIED WARRANTY

Plaintiffs' fifth claim is for breach of the implied warranty of merchantability under the California UCC. Plaintiffs allege that "Sony impliedly warranted that the DualSense Controllers were of good and merchantable condition and quality, fit for their ordinary intended use, including with respect to reliability, operability, gameplay, and substantial freedom from defects." FAC ¶ 175. According to Plaintiffs, the DualSense Controllers "were not in merchantable condition and are not fit for the ordinary purpose for which they are used." *Id*. at ¶ 176.

"The implied warranty of merchantability arises by operation of law rather than contract." *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 925 (N.D. Cal. 2018). "It guarantees not that the goods 'precisely fulfill the expectation of the buyer,' but instead that the goods meet 'a minimum level of quality.'" *Id*. (quoting *Am. Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1296 (1995)). "The core test of merchantability is fitness for the ordinary purpose for which such goods are used." *Id*. (quoting *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1303 (2009)).

Sony argues that Plaintiffs have failed to state a claim for breach of implied warranty because the PS Warranty disclaims all implied warranties, including warranties of merchantability. It also argues that even if the PS Warranty does not disclaim implied warranties, the FAC's allegation that the DualSense controller is unfit for ordinary use is contradicted by other allegations in the FAC.

---

[1] Plaintiffs also stated that this claim is pleaded in the alternative; specifically, Plaintiffs allege that the warranty is unconscionable, FAC ¶¶ 165-167, but that if the court concludes that the warranty is enforceable, Sony breached this term of the warranty.

1       "A company may disclaim the implied warranty of merchantability so long as the

2  disclaimer 'mentions[s] merchantability' and is 'conspicuous.'" *Minkler v. Apple, Inc.*, 65 F.

3  Supp. 3d 810, 819 (N.D. Cal. 2014) (quoting Cal. Com. Code § 2316(2)); *see Steiny & Co., Inc. v.*

4  *California Electric Supply Co.*, 79 Cal. App. 4th 285, 295 (2000) (California's Uniform

5  Commercial Code "imposes warranties of merchantability by operation of law absent contractual

6  modification or disclaimer."). Here, Sony's PlayStation 5 Warranty includes the following

7  provision:

> THIS WARRANTY IS PROVIDED TO YOU IN LIEU OF ALL OTHER EXPRESS OR IMPLIED WARRANTIES INCLUDING WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE FOR THIS PRODUCT, WHICH [SONY INTERACTIVE ENTERTAINMENT LLC] DISCLAIMS UNDER THESE TERMS.

PS Warranty 2. This provision disclaimed all implied warranties in accordance with California law because it stated the disclaimer of the implied warranty of merchantability in clear language and capital letters. This disclaimer is thus "in writing, conspicuous, and mentions merchantability." *See Minkler*, 65 F. Supp. 3d at 819. Notably, the FAC does not allege that the disclaimer of implied warranties is unenforceable.

Plaintiffs' opposition does not respond to Sony's disclaimer argument at all. *See* Opp'n 17. At the hearing, the only argument Plaintiffs offered with respect to the validity of the disclaimer is that "the implied warranty of merchantability arises out of law, not of contract." While this may be a true statement, it does not address the issue of whether Sony's disclaimer of implied warranties complies with California law providing that an express warranty may "exclude or modify the implied warranty of merchantability" where certain conditions are met. *See* Cal. Com. Code § 2316(2). Accordingly, the FAC fails to state a claim for breach of the implied warranty of merchantability. *See, e.g., Davidson v. Apple, Inc.*, No. 16-CV-04942-LHK, 2017 WL 976048, at *15 (N.D. Cal. Mar. 14, 2017) (dismissing claim for breach of implied warranty where it concluded that an implied warranty disclaimer was enforceable); *Cooper v. Simpson Strong-Tie Co., Inc.*, 460 F. Supp. 3d 894, 914 (N.D. Cal. 2020) (same). This claim is dismissed with leave to amend.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' breach of express warranty and breach of implied warranty of merchantability claims are dismissed with leave to amend. Plaintiffs must file a second amended complaint in accordance with this order and the court's rulings at the October 28, 2021 hearing within 14 days of the date of this order.

**IT IS SO ORDERED.**

Dated: November 8, 2021



Donna M. Ryu
United States Magistrate Judge